UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIO CAMACHO,<br><br>  Petitioner,<br><br>v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>  Respondents. | Case No. 3:20-cv-00488-RCJ-WGC<br><br>**ORDER** |

In this habeas corpus action, on October 20, 2020, the Court appointed counsel for the petitioner, Mario Camacho. *See* Order entered October 20, 2020 (ECF No. 7). Counsel—the Federal Public Defender for the District of Nevada—appeared for Camacho on November 17, 2020 (ECF Nos. 11, 12). The respondents have also appeared (ECF No. 10). On December 17, 2020, Camacho filed a first amended habeas petition (ECF No. 13).

On December 17, 2020, Camacho also filed a motion for leave to file an exhibit under seal (ECF No. 17). In that motion, Camacho requests leave of court to file under seal, as an exhibit, a copy of a sentencing memorandum. The exhibit in question has already been filed under seal (ECF No. 18). The respondents filed a notice stating that they do not oppose the motion for leave to file the exhibit under seal (ECF No. 21). There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). However, district courts have inherent power over their own records and files, and access may be denied where the court determines that a document may be used for "improper purposes." *See*

*Nixon*, 435 U.S. at 598; *Kamakana*, 447 F.3d at 1179; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). The exhibit in question here includes medical records, which contain sensitive private information. *See Kamakana*, 447 F.3d at 1179. The Court finds that there is good cause for Camacho to file the exhibit under seal, and the Court will grant Camacho leave to do so.

In addition, on December 17, 2020, Camacho filed a motion requesting leave of court to file a second amended habeas petition (ECF No. 19). Camacho states that he filed his first amended petition on the eve of what he believes to be a statute of limitations deadline, and he requests time to file a second amended petition to further develop certain claims. He states that he has been unable to fully develop those claims because of the short time that he had and because of restrictions caused by the COVID-19 pandemic. The respondents filed a notice stating that they do not oppose the motion for leave to file the exhibit under seal (ECF No. 21). The Court finds that there is good cause for Camacho to file a second amended petition, and the Court will grant him leave to do so. Nothing in this order is meant to be a comment on, or to affect in any manner, the application of any statute of limitations in this case.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to File Exhibits Under Seal (ECF No. 17) is **GRANTED**. Petitioner is granted leave of court to file his Exhibit 37 under seal. As that exhibit have already been filed under seal (ECF No. 18), no further action is necessary in this regard.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File Second Amended Petition for Writ of Habeas Corpus (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that the following schedule will govern further proceedings in this case:

Filing Fee. Petitioner will have 45 days from the date of this order to pay the $5 filing fee for this action, or to file a new, complete application to proceed *in forma pauperis*.

2

Second Amended Petition. Petitioner will have 120 days from the date of this order to file a second amended petition for writ of habeas corpus. The second amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the second amended petition must state how, when, and where that occurred.

Response to Petition. Respondents will have 60 days following filing of the second amended petition to file an answer or other response to the second amended petition.

Reply. Petitioner will have 45 days following filing of an answer to file a reply. Respondents will thereafter have 30 days following filing of a reply to file a response to the reply.

Briefing of Motion to Dismiss. If Respondents file a motion to dismiss, Petitioner will have 60 days following filing of the motion to file a response to the motion. Respondents will thereafter have 30 days following filing of the response to file a reply.

Discovery. If Petitioner wishes to move for leave to conduct discovery, Petitioner must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

Evidentiary Hearing. If Petitioner wishes to request an evidentiary hearing, Petitioner must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The

motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Petitioner files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED THIS 8th day of January, 2021.

ROBERT C. JONES,
UNITED STATES DISTRICT JUDGE