UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIO CAMACHO,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM REUBART, *et al.*,<br><br>    Respondents. | Case No. 3:20-cv-00488-RCJ-CSD<br><br>**ORDER** |

**I.**    **Summary**

In this habeas corpus action, the respondents have filed a motion to dismiss, arguing that certain of Petitioner Mario Camacho's claims for habeas corpus relief are unexhausted in state court and/or procedurally defaulted. Camacho, in turn, has filed a motion to stay the case while he returns to state court to exhaust any unexhausted claims. Determining that Camacho's claims are all exhausted—exhausted in fact or technically exhausted—and that his return to state court would be futile because the claims he wishes to present in state court are undisputedly procedurally barred under current Nevada law, the Court will deny the motion to stay and will set a schedule for Camacho to file a response to the motion to dismiss.

**II.**    **Background**

On May 31, 2017, following a jury trial, Camacho was convicted in Nevada's Eighth Judicial District Court (Clark County) of conspiracy to commit kidnapping, first-degree kidnapping with the use of a deadly weapon, robbery with the use of a deadly weapon, two counts of first-degree kidnapping with use of a deadly weapon resulting in substantial bodily harm, first-degree murder with the use of a deadly weapon, and attempted murder with the use of a deadly weapon. *See* Judgment of Conviction, Exh.

1

26 (ECF No. 14-26). He was sentenced to multiple consecutive prison terms, including three consecutive terms of life in prison without the possibility of parole. *See id*.

In its order on Camacho's direct appeal, the Nevada Supreme Court briefly described the crimes as follows:

> Appellant Mario John Camacho and his co-defendant, Eric Deon Robinson, engaged in a series of criminal activities to recover money from a transaction involving drugs and a firearm. On the day of the crime, Robinson assisted Camacho in kidnapping three individuals to interrogate them about the money. Camacho shot and killed one of the victims and shot and severely injured a second victim.

Order of Affirmance, Exh. 32 (ECF No. 14-32). The Nevada Supreme Court affirmed Camacho's conviction on March 18, 2019. *Id.*

On March 18, 2020, Camacho filed a counseled petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 34 (ECF Nos. 15-1, 16-1, 16-2). The state district court denied Camacho's petition on August 13, 2020. *See* Findings of Fact, Conclusions of Law and Order, Exh. 36 (ECF No. 16-4). Camacho did not appeal from the denial of his state habeas petition.

On August 26, 2020, this Court received a *pro se* federal habeas corpus petition from Camacho, initiating this action. *See* Petition for Writ of Habeas Corpus (ECF No. 8). The Court appointed counsel for Camacho (*see* ECF Nos. 7, 11), and, with counsel, Camacho filed a first amended habeas petition on December 17, 2020 (ECF No. 13) and a second amended habeas petition on January 11, 2022 (ECF No. 35). Camacho's second amended petition, which is now his operative petition, sets forth the following claims for habeas corpus relief:

> Ground 1: The trial court violated Camacho's federal constitutional rights, by allowing the State to use peremptory challenges in violation of *Batson v. Kentucky,* 476 U.S. 79 (1986).
>
> Ground 2: The trial court violated Camacho's federal constitutional rights, by failing to sever his trial from the trial of his co-defendant, Eric Robinson.
>
> Ground 3: The trial court violated Camacho's federal constitutional rights, by prohibiting him from presenting evidence supporting his defense of duress and failing to instruct the jury on the defense of duress.

> Ground 4: The judgment of conviction violated Mario's federal constitutional rights because the evidence adduced at trial was insufficient to support the enhancement for "substantial bodily harm" with respect to the kidnapping of Frankie Wiest.
>
> Ground 5: Camacho's federal constitutional rights were denied because he received ineffective assistance of counsel.
>
> > A. Camacho's trial counsel were ineffective for failing to file a motion to sever prior to trial and for failing to join Camacho's co-defendant's motion to sever.
> >
> > B. Camacho's trial counsel were ineffective for failing to argue the correct hearsay exception for admitting evidence of duress.
> >
> > C. Camacho's trial counsel were ineffective for failing to move for a mistrial after Camacho's co-defendant's closing arguments.
> >
> > D. Camacho's trial counsel were ineffective for failing to call multiple witnesses to testify at the sentencing hearing.
> >
> > E. Camacho's trial counsel were ineffective for failing to present testimony of William "Billy" Wakefield.
> >
> > F. Camacho's trial counsel were ineffective for failing to subpoena Christen Albano to testify at trial.
> >
> > G. Camacho's trial counsel were ineffective for failing to subpoena Jorge "George" Ochoa to testify at trial.
> >
> > H. Camacho's trial counsel were ineffective for failing to present testimony of Nicholas "Nic" Camacho.

Second Amended Petition (ECF No. 35).

Respondents filed a motion to dismiss on June 17, 2022 (ECF No. 54). In the motion to dismiss, Respondents argue that the claims of ineffective assistance of counsel in Grounds 5A through 5H are unexhausted and/or procedurally defaulted. *See* Motion to Dismiss (ECF No. 54), pp. 3–4.

On July 28, 2022, Camacho filed his motion for a stay (ECF No. 58), requesting that this case be stayed while he returns to state court to exhaust the claims of ineffective assistance of counsel in Grounds 5A through 5H. In the alternative, if the motion for stay is denied, Camacho requests that the Court grant him 30 days from the denial of the motion for stay to respond to the motion to dismiss. *See* Motion for Stay (ECF No. 58). Respondents filed an opposition to the motion for stay on August 8, 2022

(ECF No. 59). Camacho filed a reply in support of his motion on August 15, 2022 (ECF No. 60).

**III.     Discussion**

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

Turning then to the procedural default doctrine, in *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731–32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has

4

probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel. The *Martinez* Court stated: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (regarding the showing necessary to overcome a procedural default under *Martinez*). However, in *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), the Supreme Court recently held that in adjudicating a *Martinez* claim, "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel" unless the petitioner satisfies the stringent requirements of 28 U.S.C. § 2254(e)(2). *Ramirez*, 142 S.Ct. at 1734. The *Ramirez* Court acknowledged that § 2254(e)(2) applies only when

there has been "a failure to develop the factual basis of a claim," something that "is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Ramirez*, 142 S.Ct. at 1735. The Court explained, though, that a prisoner bears the risk for all attorney errors unless counsel provides constitutionally ineffective assistance, and since there is no constitutional right to counsel in state post-conviction proceedings, "a prisoner ordinarily must 'bea[r] responsibility' for all attorney errors during those proceedings." *Id*. (quoting *Williams v. Taylor*, 529 U.S. 420, 432 (2000)). "Among those errors," the Court explained, "a state prisoner is responsible for counsel's negligent failure to develop the state postconviction record." *Id*. So, the Supreme Court held, in such a case, a federal court may order an evidentiary hearing or otherwise expand the state-court record only if the prisoner can satisfy the requirements of § 2254(e)(2). *Id*. Under § 2254(e)(2), if the petitioner has "failed to develop the factual basis of a claim in State court proceedings," a district court cannot hold an evidentiary hearing on the claim unless (1) the claim relies on either a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review or a factual predicate that could not have been previously discovered through due diligence and (2) the facts underlying the claim would establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2254(e)(2).

Now turning to the legal standard governing a motion for an exhaustion stay, a district court is authorized to stay a habeas action in "limited circumstances" while a petitioner presents unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005). Under *Rhines*, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit Court of Appeals has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). Ineffective assistance of postconviction counsel or a lack of postconviction counsel can constitute good cause under *Rhines*. *See Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also be "mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id*. (citing *Rhines*, 544 U.S. at 276–77).

So, turning to the parties' arguments regarding Camacho's motion for a stay, Camacho argues that he can meet the requirements for a *Rhines* stay: that the claims in Grounds 5A through 5H are potentially meritorious; that there is good cause for his failure to exhaust those claims previously, because of ineffective assistance of his post-conviction counsel and because of his reliance on *Martinez* before *Ramirez* was decided; and that he has not engaged in dilatory litigation tactics. Motion for Stay (ECF No. 58). In response, Respondents contend that a stay is inappropriate because a new state habeas petition asserting the claims in Grounds 5A through 5H would be procedurally barred as untimely and successive. *See* Opposition to Motion for Stay (ECF No. 59); *see also* NRS §§ 34.726, 34.810. According to Respondents, Camacho's return to state court to file an untimely and successive state habeas petition would be futile. *See* Opposition to Motion for Stay (ECF No. 59). In other words—in more fundamental terms—Respondents contend that the claims in Grounds 5A through 5H are not unexhausted, but, rather, are technically exhausted but subject to application of the procedural default doctrine. *See id*.

In his second amended habeas petition—filed on January 11, 2022, before the Supreme Court's decision in *Ramirez*—Camacho asserted that his claims in Grounds 5A through 5H are technically exhausted and procedurally defaulted:

> Statement of Exhaustion: Sub-claims A-D are procedurally defaulted but technically exhausted because post-conviction counsel failed to exhaust them. Subclaims E-H are procedurally defaulted but technically exhausted because postconviction counsel failed to raise them.

Second Amended Petition (ECF No. 35), p. 25. It was only after the Supreme Court's *Ramirez* decision that Camacho changed his position, and now argues that he should be granted a stay so that he can return to state court to present those claims in a successive and untimely state habeas petition.

In his reply, Camacho states that, if this case is stayed and he returns to state court and files a second state habeas petition, he "can argue that the Nevada Supreme Court could reconsider its decision in *Brown v. McDaniel*, 331 P.3d 867, 870–75 (Nev. 2014)," in which "the Nevada Supreme Court declined to follow [*Martinez*] and allow ineffective assistance of post-conviction counsel to act as good cause in non-capital cases." Reply to Respondents' Opposition to Motion for Stay (ECF No. 60), p. 4. Camacho makes no argument that he can overcome the procedural bars of the claims in Grounds 5A through 5H in state court under current Nevada law.

The Court will deny Camacho's motion for stay. The point of a *Rhines* stay is to allow a federal habeas petitioner an opportunity to present *unexhausted* claims in state court. But here, the claims in Grounds 5A through 5H are not unexhausted. It is undisputed that those claims are procedurally barred in state court, and Camacho makes no argument that he can overcome the procedural bars under current Nevada law. Therefore, the Court finds that the claims in Grounds 5A through 5H are technically exhausted but subject to application of the procedural default doctrine. Under these circumstances, granting Camacho's request for a *Rhines* stay would be contrary to the Supreme Court's instructions that exhaustion stays should be granted in only limited circumstances and that the Court is to be mindful of AEDPA's aims of encouraging the

finality of sentences and encouraging petitioners to exhaust their claims in state court before filing in federal court.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Stay (ECF No. 58) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner will have 30 days from the date of this order to file a response to Respondents' Motion to Dismiss (ECF No. 54). In all other respects, the schedule for further proceedings set forth in the order entered January 8, 2021 (ECF No. 22) will remain in effect.

DATED THIS 31st day of August, 2022.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE