UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARIO CAMACHO,

    Petitioner,

v.

WILLIAM REUBART, *et al.*,

    Respondents.

Case No. 3:20-cv-00488-RCJ-CSD

**ORDER**

**I.    Summary**

In this habeas corpus action, the respondents have filed a motion to dismiss, arguing that certain of Petitioner Mario Camacho's claims for habeas corpus relief are unexhausted in state court and/or procedurally defaulted. Camacho filed an opposition to that motion, and Respondents reply is pending. Respondents move for a 60-day extension of time to file their reply. The Court determines, however, that the issues raised by the motion to dismiss will be better resolved after the parties have briefed the merits of Camacho's claims, in Respondents' answer and Camacho's reply. The Court will therefore deny Respondents' motion to dismiss without prejudice to Respondents asserting the procedural default defense in their answer and will deny Respondents' motion for extension of time for their reply in support of the motion to dismiss as moot.

**II.    Background**

On May 31, 2017, following a jury trial, Camacho was convicted in Nevada's Eighth Judicial District Court (Clark County) of conspiracy to commit kidnapping, first-degree kidnapping with the use of a deadly weapon, robbery with the use of a deadly weapon, two counts of first-degree kidnapping with use of a deadly weapon resulting in substantial bodily harm, first-degree murder with the use of a deadly weapon, and attempted murder with the use of a deadly weapon. *See* Judgment of Conviction, Exh.

1

26 (ECF No. 14-26). He was sentenced to multiple consecutive prison terms, including three consecutive terms of life in prison without the possibility of parole. *See id*.

In its order on Camacho's direct appeal, the Nevada Supreme Court briefly described the crimes as follows:

> Appellant Mario John Camacho and his co-defendant, Eric Deon Robinson, engaged in a series of criminal activities to recover money from a transaction involving drugs and a firearm. On the day of the crime, Robinson assisted Camacho in kidnapping three individuals to interrogate them about the money. Camacho shot and killed one of the victims and shot and severely injured a second victim.

Order of Affirmance, Exh. 32 (ECF No. 14-32). The Nevada Supreme Court affirmed Camacho's conviction on March 18, 2019. *Id.*

On March 18, 2020, Camacho filed a counseled petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 34 (ECF Nos. 15-1, 16-1, 16-2). The state district court denied Camacho's petition on August 13, 2020. *See* Findings of Fact, Conclusions of Law and Order, Exh. 36 (ECF No. 16-4). Camacho did not appeal from the denial of his state habeas petition.

On August 26, 2020, this Court received a *pro se* federal habeas corpus petition from Camacho, initiating this action. *See* Petition for Writ of Habeas Corpus (ECF No. 8). The Court appointed counsel for Camacho (*see* ECF Nos. 7, 11), and, with counsel, Camacho filed a first amended habeas petition on December 17, 2020 (ECF No. 13) and a second amended habeas petition on January 11, 2022 (ECF No. 35). Camacho's second amended petition, which is now his operative petition, sets forth the following claims for habeas corpus relief:

> Ground 1:  The trial court violated Camacho's federal constitutional rights, by allowing the State to use peremptory challenges in violation of *Batson v. Kentucky,* 476 U.S. 79 (1986).
>
> Ground 2:  The trial court violated Camacho's federal constitutional rights, by failing to sever his trial from the trial of his co-defendant, Eric Robinson.
>
> Ground 3:  The trial court violated Camacho's federal constitutional rights, by prohibiting him from presenting evidence supporting his defense of duress and failing to instruct the jury on the defense of duress.

> Ground 4: The judgment of conviction violated Mario's federal constitutional rights because the evidence adduced at trial was insufficient to support the enhancement for "substantial bodily harm" with respect to the kidnapping of Frankie Wiest.
>
> Ground 5: Camacho's federal constitutional rights were denied because he received ineffective assistance of counsel.
>
>> A. Camacho's trial counsel were ineffective for failing to file a motion to sever prior to trial and for failing to join Camacho's co-defendant's motion to sever.
>>
>> B. Camacho's trial counsel were ineffective for failing to argue the correct hearsay exception for admitting evidence of duress.
>>
>> C. Camacho's trial counsel were ineffective for failing to move for a mistrial after Camacho's co-defendant's closing arguments.
>>
>> D. Camacho's trial counsel were ineffective for failing to call multiple witnesses to testify at the sentencing hearing.
>>
>> E. Camacho's trial counsel were ineffective for failing to present testimony of William "Billy" Wakefield.
>>
>> F. Camacho's trial counsel were ineffective for failing to subpoena Christen Albano to testify at trial.
>>
>> G. Camacho's trial counsel were ineffective for failing to subpoena Jorge "George" Ochoa to testify at trial.
>>
>> H. Camacho's trial counsel were ineffective for failing to present testimony of Nicholas "Nic" Camacho.

Second Amended Petition (ECF No. 35).

Respondents filed a motion to dismiss on June 17, 2022 (ECF No. 54). In the motion to dismiss, Respondents argue that the claims of ineffective assistance of counsel in Grounds 5A through 5H are unexhausted in state court and/or procedurally defaulted. *See* Motion to Dismiss (ECF No. 54), pp. 3–4.

On July 28, 2022, Camacho filed a motion for a stay (ECF No. 58), requesting that this case be stayed while he returns to state court to exhaust the claims of ineffective assistance of counsel in Grounds 5A through 5H. On August 31, 2022, the Court denied that motion. *See* Order entered August 31, 2022 (ECF No. 62). The Court determined that Camacho's claims on ineffective assistance of counsel are all exhausted—exhausted in fact or technically exhausted—and that his return to state

court would be futile because the claims he wished to present in state court are undisputedly procedurally barred under current Nevada law. *See id*.

Camacho then filed an opposition to the motion to dismiss on September 30, 2022 (ECF No. 63). In his opposition to the motion to dismiss, Camacho suggests that the issues raised by the motion to dismiss—whether he can overcome the procedural defaults of Grounds 5A through 5H—are interwoven with the merits of the underlying claims, such that "the Court may find it prudent to refrain from resolving the procedural default issues until it receives further merits briefing in the State's answer and [Camacho's] reply, as has been the practice in some habeas proceedings in this district." Opposition to Motion to Dismiss (ECF No. 63), p. 12.

Respondents' reply in support of their motion to dismiss was then due on October 31, 2022. *See* Order entered January 8, 2021 (ECF No. 22). Respondents filed a motion for extension of time on October 27, 2022 (ECF No. 65), requesting that the time for that reply be extended to December 30, 2022.

### III.    Discussion

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim, and to treat such a claim as technically exhausted but subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731–32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state

4

courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel. The *Martinez* Court stated: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (regarding the showing necessary to overcome a procedural default under *Martinez*). However, in *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), the Supreme Court recently held that in adjudicating a *Martinez* claim, "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court

record based on ineffective assistance of state postconviction counsel" unless the petitioner satisfies the stringent requirements of 28 U.S.C. § 2254(e)(2). *Ramirez*, 142 S.Ct. at 1734. The *Ramirez* Court acknowledged that § 2254(e)(2) applies only when there has been "a failure to develop the factual basis of a claim," something that "is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Ramirez*, 142 S.Ct. at 1735. The *Ramirez* Court explained that a prisoner bears the risk for all attorney errors unless counsel provides constitutionally ineffective assistance, and since there is no constitutional right to counsel in state post-conviction proceedings, "a prisoner ordinarily must 'bea[r] responsibility' for all attorney errors during those proceedings." *Id*. (quoting *Williams v. Taylor*, 529 U.S. 420, 432 (2000)). "Among those errors," the Court explained, "a state prisoner is responsible for counsel's negligent failure to develop the state postconviction record." *Id*. So, the Supreme Court held, in such a case, a federal court may order an evidentiary hearing or otherwise expand the state-court record only if the prisoner can satisfy the requirements of § 2254(e)(2). *Id*. Under § 2254(e)(2), if the petitioner has "failed to develop the factual basis of a claim in State court proceedings," a district court cannot hold an evidentiary hearing on the claim unless (1) the claim relies on either a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review or a factual predicate that could not have been previously discovered through due diligence and (2) the facts underlying the claim would establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2254(e)(2).

In his second amended habeas petition, Camacho concedes that his claims in Grounds 5A through 5H are technically exhausted and therefore subject to the procedural default doctrine:

> Statement of Exhaustion: Sub-claims A-D are procedurally defaulted but technically exhausted because post-conviction counsel failed to exhaust them. Subclaims E-H are procedurally defaulted but technically exhausted because postconviction counsel failed to raise them.

Second Amended Petition (ECF No. 35), p. 25; *see also* Motion to Dismiss (ECF No. 54), p. 4 (Respondents contend that the claims in Grounds 5A through 5H should be dismissed as procedurally defaulted).

The question ultimately presented by the motion to dismiss, then, is whether Camacho can overcome the procedural default of Grounds 5A through 5H under *Martinez*. The Court agrees with Camacho's suggestion that, as the resolution of the issues raised by the motion to dismiss are interwoven with the merits of Camacho's claims, the Court should defer the resolution of those issues until the parties have briefed the merits of Camacho's claims in their answer and reply.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 54) is **DENIED**, without prejudice to Respondents asserting the procedural default defense in their answer.

**IT IS FURTHER ORDERED** that Respondents' Motion for Enlargement of Time (ECF No. 65) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Respondents will have 60 days from the date of this order to file their answer. In all other respects, the schedule for further proceedings set forth in the order entered January 8, 2021 (ECF No. 22) will remain in effect.

DATED THIS 2nd day of November, 2022.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE