# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARIO CAMACHO,<br><br>　　Petitioner,<br><br>　　v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>　　Respondents. | Case No. 3:20-cv-00488-RCJ-CSD<br><br>**ORDER** |

　　On July 28, 2022, the petitioner in this habeas corpus action, Mario Camacho, represented by appointed counsel, filed a motion for stay, requesting that the case be stayed while he exhausts in state court the claims in Grounds 5A through 5H of his second amended habeas petition (ECF No. 58). Determining that the claims Camacho wished to present in state court appeared to be procedurally barred—Camacho conceded as much in his second amended habeas petition (Second Amended Petition (ECF No. 35), p. 25)—and that Camacho did not claim he could overcome the procedural bars under current Nevada law, the Court denied the motion for stay on August 31, 2022. *See* Order entered August 31, 2022 (ECF No. 62).

　　On May 11, 2023, Camacho filed a motion for reconsideration (ECF No. 72), requesting reconsideration of the order denying his motion for stay. Camacho now shows that the circumstances have changed: the state district court has granted Camacho an evidentiary hearing. As it now appears that Camacho may be able to overcome the procedural bars of his claims in state court, and/or that he may be able to develop new evidence related to his claims, the Court will grant the motion for reconsideration, and will stay this case pending the conclusion of the state habeas action.

1

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); Local Rule (LR) 59-1. A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Here, a significant change in circumstances warrants reconsideration of the order denying Camacho's motion for stay.

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

Regarding the effect of a procedural default, in *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731–32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner

demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Turning to the legal standard governing a motion for an exhaustion stay, a district court is authorized to stay a habeas action in "limited circumstances" while a petitioner presents unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005). Under *Rhines*, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278). Ineffective assistance of postconviction counsel or a lack of postconviction counsel can constitute good cause under *Rhines*. *See Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005)). Courts must also be "mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id*. (citing *Rhines*, 544 U.S. at 276–77).

In response to Camacho's motion for stay, Respondents contended that a stay is inappropriate because a new state habeas petition asserting the claims in Grounds 5A through 5H would be procedurally barred. *See* Opposition to Motion for Stay (ECF No. 59). Respondents contended that Camacho' return to state court to file an untimely and successive state habeas petition would be futile. *See id.* In essence, Respondents contended that the claims in Grounds 5A through 5H are not unexhausted, but, rather, are technically exhausted but subject to application of the procedural default doctrine. *See id*. Indeed, in his second amended habeas petition, Camacho represented that his claims in Grounds 5A through 5H are technically exhausted and procedurally defaulted.

1 *See* Second Amended Petition for Writ of Habeas Corpus (ECF No. 35), p. 25. And, in his motion for stay, Camacho made no argument that he could overcome the state-law procedural bars of the claims in Grounds 5A through 5H under current Nevada law. Based on the record and the representations of the parties, then, the Court denied Camacho's motion for stay. The Court stated:

> The point of a *Rhines* stay is to allow a federal habeas petitioner an opportunity to present unexhausted claims in state court. But here, the claims in Grounds 5A through 5H are not unexhausted. It is undisputed that those claims are procedurally barred in state court, and Camacho makes no argument that he can overcome the procedural bars under current Nevada law. Therefore, the Court finds that the claims in Grounds 5A through 5H are technically exhausted but subject to application of the procedural default doctrine. Under these circumstances, granting Camacho's request for a *Rhines* stay would be contrary to the Supreme Court's instructions that exhaustion stays should be granted in only limited circumstances and that the Court is to be mindful of AEDPA's aims of encouraging the finality of sentences and encouraging petitioners to exhaust their claims in state court before filing in federal court.

Order entered August 31, 2022 (ECF No. 62), pp. 8–9.

The circumstances have changed, however. Camacho initiated a second state habeas action on July 28, 2022 (the same day he filed his motion for stay). *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 90 (ECF No. 73-1). On April 26, 2023, the state district court granted Camacho an evidentiary hearing. *See* Recorder's Transcript, April 26, 2023, Exh. 94 (ECF No. 73-5). The evidentiary hearing is currently scheduled for August 11, 2023. *See* Register of Actions, Case No. A-22-856089-W, Exh. 95 (ECF No. 73-6).

Notwithstanding Camacho' earlier position—that his claims in Grounds 5A through 5H are procedurally barred in state court and that he has no way of overcoming the procedural bars—the state court's grant of an evidentiary hearing now raises a possibility that Camacho might in fact be able to overcome the procedural bars and/or that he might be able to develop new evidence in state court related to his claims. Under these new circumstances, the Court finds that a stay is warranted. It now appears possible that the proceedings in Camacho' ongoing state habeas action will have a substantive impact on his claims in this federal habeas action, and that,

therefore, further proceedings in this case should be stayed until the state habeas action is completed. Therefore, in the interests of judicial economy, federal-state comity, and justice, the Court will reconsider the order denying Camacho's motion for stay and will stay this action pending the conclusion of Camacho's state habeas action.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Reconsider Order Dated August 31, 2022 (ECF No. 72) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Stay (ECF No. 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is stayed. The stay will remain in effect pending the conclusion of Petitioner's state habeas action.

**IT IS FURTHER ORDERED** that following the conclusion of Petitioner's state habeas action, Petitioner must, within 30 days, make a motion to lift the stay of this action.

**IT IS FURTHER ORDERED** that this action will be subject to dismissal, upon a motion by Respondents, if Petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed by this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to administratively close this case.

DATED THIS 10th day of August, 2023.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE