UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARIO CAMACHO,

Petitioner,

v.

TERRY ROYAL, *et al.*,

Respondents.

Case No. 3:20-cv-00488-ART-CSD

ORDER

Mario Camacho filed a counseled Third-Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 82. This matter is before the Court on Respondents' Motions to Dismiss Grounds 5(A)–5(H) of the petition as procedurally defaulted and to strike new evidence. ECF No. 86. Camacho filed an Opposition to the motion, and Respondents filed a Reply in support of the motion. ECF Nos. 87; 88. For the reasons stated below, the Court grants in part and denies in part the Motion to Dismiss.

## I.   BACKGROUND

In 2017, a Nevada jury convicted Camacho of first-degree murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, two counts of first-degree kidnapping with use of a deadly weapon resulting in substantial bodily harm, conspiracy to commit kidnapping with use of a deadly weapon, and robbery with the use of a deadly weapon. ECF No. 14-26. The Nevada Supreme Court affirmed Camacho's convictions and briefly summarized the facts underlying the offenses:

> Appellant Mario John Camacho and his co-defendant, Eric Deon Robinson, engaged in a series of criminal activities to recover money from a transaction involving drugs and a firearm. On the day of the crime, Robinson assisted Camacho in kidnapping three individuals to interrogate them about the money. Camacho shot and killed one of the victims and shot and severely injured a second

1

victim. Camacho and Robinson were later arrested, and were subsequently tried together.

*Camacho v. State*, 135 Nev. 621 (2019). Camacho filed a counseled state postconviction relief petition, relief was denied, and Camacho did not appeal the denial of the petition. ECF Nos. 15-1; 16-1; 16-2; 16-4. Camacho initiated this habeas action by filing a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 8. Counsel was appointed and counsel filed First and Second-Amended Petitions. ECF Nos. 7; 11; 35.

Respondents filed a Motion to Dismiss the claims of ineffective assistance of trial counsel alleged in Grounds 5(A)–5(H) of the Second-Amended Petition as unexhausted and/or procedurally defaulted. ECF No. 54 at 3–4. Before filing an opposition to the Motion to Dismiss, Camacho moved for a stay while he exhausted the claims in Grounds 5(A)–5(H), but the motion was denied. ECF No. 62. Camacho then filed an Opposition to the Motion to Dismiss arguing he could overcome the procedural defaults and urging the court to defer resolving the Motion to Dismiss Grounds 5(A)–5(H) until it received further briefing on the merits of his claims. ECF No. 63 at 12. Before Respondents submitted their Reply in support of the Motion to Dismiss, this Court denied the motion and deferred resolution whether Grounds 5(A)–5(H) are procedurally defaulted until the parties submitted an Answer and Reply. ECF No. 66 at 6–7.

After Respondents filed their Answer to the Second-Amended Petition, Camacho moved for reconsideration of the order denying a stay. ECF No. 72. This Court granted the Motion for Reconsideration and stayed this action pending the conclusion of Camacho's state habeas action. ECF Nos. 74; 75; 76. The Nevada Court of Appeals (NCA) upheld the state district court's determination that the claims raised in Grounds 5(A)–5(H) of Camacho's second state postconviction petition were procedurally barred finding the petition was untimely, successive, and constituted an abuse of the writ. *See Camacho v. State*, 566 P.3d 1117, 2025 WL 1077259, at *1 (Nev. App. 2025); ECF No. 85–32. The

NCA also held Camacho failed to establish good cause and prejudice to overcome the procedural default. *Id.*

In May of 2025, Camacho's Motion to Reopen this action was granted. ECF Nos. 78; 80; 81. Camacho thereafter filed a counseled Third-Amended Petition. ECF No. 82. Respondents filed a Motion to Dismiss Grounds 5(A)–5(H) of the Third-Amended Petition, Camacho filed an Opposition to the motion, and Respondents submitted a Reply in support of their motion. ECF Nos. 86; 87; 88.

## II.    DISCUSSION

### A.    Procedural Default

Grounds 5(A)–5(H) of the Third-Amended Petition allege trial counsel was ineffective. ECF No. 82 at 25–44. Respondents move to dismiss Grounds 5(A)–5(H) as procedurally defaulted. ECF No. 86 at 5–6. Camacho argues the default can be excused under *Martinez v. Ryan,* 566 U.S. 1 (2012). ECF No. 87 at 2.

#### 1.    Standards for Evaluating Exhaustion and Procedural Default

A federal habeas court may not grant a state prisoner's petition for habeas relief until the prisoner has exhausted available state remedies for all claims raised. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy,* 455 U.S. 509, 522 (1982). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round" of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert,* 319 F.3d 1153, 1156 (9th Cir. 2003). Use of a procedurally incorrect method does not suffice to exhaust the claim. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) ("[W]here [a] claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor . . . [it will not] constitute fair presentation.").

"A federal habeas claim is technically exhausted but procedurally defaulted if the state court declined to address the claim based on independent and adequate state procedural grounds." *Rodney v. Garrett*, 116 F.4th 947, 954 (9th Cir. 2024) (citing *Coleman v. Thompson*, 501 U.S. 722, 729–32 (1991)). *See also Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). The Ninth Circuit has held the Nevada courts' application of the Nevada statutory rules regarding timeliness and successive petitions are independent and adequate state law grounds for procedural default. *See Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999); *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996).

### 2. Standards for Overcoming Procedural Default

Procedurally defaulted claims are not barred from federal review "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (quoting *Coleman*, 501 U.S. at 750). "To establish 'cause,' a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules." *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986)). "To establish prejudice, a petitioner must show that the alleged error 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (citing *United States v. Frady*, 456 U.S. 152, 170–71 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991)). To overcome procedural default under the "fundamental miscarriage of justice" exception, a petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find

him guilty beyond a reasonable doubt." *See Schlup v. Delo*, 513 U.S. 298, 329 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Under, *Martinez*, a petitioner can overcome procedural default of a claim of ineffective assistance of trial counsel by demonstrating: (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding for the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." *See Trevino v. Thaler*, 569 U.S. 413 (2013) (quoting *Martinez,* 566 U.S. 1)). Nevada law requires prisoners to raise ineffective assistance of counsel claims for the first time in a state petition seeking postconviction review, which is the initial collateral review proceeding for purposes of the *Martinez rule. See Rodney v. Filson,* 916 F.3d 1254, 1259–60 (9th Cir. 2019).

### 3.    Grounds 5(A) through 5(D)

Camacho concedes he raised the claims in Grounds 5(A)–5(D) in his initial state post-conviction petition. ECF No. 87 at 3 (citing 15-1 at 21–29). He also concedes he did not appeal after the state district court denied that petition. *Id.* Camacho contends he can establish cause to overcome the default of those claims because his postconviction counsel was ineffective in failing to appeal or properly advise Camacho to appeal. ECF No. 87 at 2–4, 6–9 (citing *Martinez*). Respondents contend Camacho cannot utilize *Martinez* to overcome the default. ECF No. 88 at 4–5.

"[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, *in the initial-review collateral proceeding,* there was no counsel or counsel in that proceeding was ineffective." *Trevino,* 569 U.S. at 429 (quoting *Martinez,* 566 U.S. at 17) (emphasis added). The *Martinez* exception "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts," and "[d]oes not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Martinez,* 566 U.S. at  16 (internal citations omitted). *See, e.g., West v. Carpenter,* 790 F.3d 693, 698 (6th Cir. 2015) (holding *Martinez–Trevino* exception did not apply to defaulted claim raised at the post-conviction initial-review proceeding but not preserved on appeal); *Villa v. Hutchings,* No. 2:21-CV-02030-ART-VCF, 2024 WL 4267819, at *5 (D. Nev. Sept. 23, 2024) (rejecting claim that cause for default could be established by postconviction counsel's ineffectiveness in failing to assert the claim on appeal because "*Martinez* unambiguously excludes ineffective assistance of counsel on post-conviction appeal as cause to excuse a procedural default.").

The Court concludes Camacho cannot, under *Martinez,* use postconviction counsel's failure to exhaust the claims on appeal as cause to overcome the default of his claims in Grounds 5(A)–5(D). And, because Camacho has not attempted to establish he can overcome the defaults on any basis other than *Martinez,* the Court dismisses Grounds 5(A)–5(D) as procedurally defaulted.

### 4.    Grounds 5(E) through 5(H)

Camacho asserts state postconviction counsel was ineffective for failing to raise the claims raised in Grounds 5(E)–5(H) in the initial state postconviction

petition. ECF No. 87 at 5 (citing 15-1 at 2). Camacho raised the claims in Grounds 5(E)–5(H) in his second state postconviction petition, however, the state court ruled the petition procedurally barred without good cause and prejudice to excuse the procedural bars. *See Camacho v. State*, 566 P.3d 1117, 2025 WL 1077259, at *1 (Nev. App. 2025); ECF No. 85–32.

Camacho claims he has demonstrated cause and prejudice to overcome the default of those claims under *Martinez*, and acknowledges that a *Martinez* prejudice analysis is interwoven with the merits of an underlying claim, and therefore, the Court may find it prudent to refrain from resolving the procedural default issues until it receives further merits briefing in the State's Answer and Camacho's Reply. ECF No. 87 at 5, 9–12. Respondents argue Camacho has not, and cannot, establish cause and prejudice to overcome the default under *Martinez*, but agree with Camacho that these questions are intertwined with the merits of the claims and respectfully requests the Court defer its *Martinez* analysis until the parties fully brief the claims. ECF No. 88 at 4–7.

The Court concludes that, because the analysis of prejudice under *Martinez* is necessarily intertwined with the merits of the claims, the Court defers consideration whether Camacho can overcome the procedural default of his claims of ineffective assistance of counsel in Grounds 5(E)–5(H), until the parties have submitted the remainder of their briefs on the merits of the claims in the Third-Amended Petition. *See* ECF No. 22.

### B.   Motion to Strike New Evidence

Respondents move to strike evidence[1] that Camacho relies upon for Grounds 5(E)–5(H), arguing the evidence was not developed as part of the state court record. ECF No. 86 at 6–7. They contend that, even though Camacho presented the new evidence to the state courts in his second state post-

---

[1] ECF Nos. 14-2, 14-7 to 14-10, 14-14, 14-15, 36-1 and 36-2 (collectively referred to as "new evidence").

conviction habeas proceeding, the Nevada Court of Appeals found the petition procedurally barred and therefore this Court may not consider that new evidence in adjudicating the claims. *Id.* Camacho contends this argument is premature because this Court may entertain the new evidence if it conducts *de novo* review. ECF No. 87 at 2, 12.

Generally, the merits of claims raised in a federal habeas corpus petition are decided on the record that was before the state court when it adjudicated a claim. *See Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011). AEDPA restricts a federal habeas court's authorization to hold an evidentiary hearing where an applicant failed to develop a factual basis for a claim in state court proceedings:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
>> (A) the claim relies on—
>>
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)–(B). The Supreme Court has held that although § 2254(e)(2) refers only to evidentiary hearings, its provisions apply to a federal habeas court's consideration of evidence. *See McLaughlin v. Oliver*, 95 F.4th 1239, 1248–49 (9th Cir. 2024) (acknowledging the Supreme Court reaffirmed that § 2254(e)(2)'s restrictions not only apply to evidentiary hearings, but also apply "when a prisoner seeks relief based on new evidence *without* an evidentiary

8

hearing") (citing *Shinn v. Ramirez*, 596 U.S. 366, 389 (2022) and quoting *Holland v. Jackson*, 542 U.S. 649, 653 (2004)).

For purposes of determining whether a petitioner must first meet the prerequisites of § 2254(e)(2), the term "fail" means "the prisoner must be 'at fault' for the undeveloped record in state court." *Williams v. Taylor*, 529 U.S. 420, 432, 434 (2000) ("[A] failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."). *See also Shinn*, 596 U.S. at 383 (affirming the prerequisites in § 2254(e)(2) apply only "when a prisoner 'has failed to develop the factual basis of a claim'").

"Diligence for purposes of [§ 2254(e)(2)'s] opening clause depends upon whether the prisoner made a reasonable attempt, *in light of the information available at the time*, to investigate and pursue claims in state court; it does not depend . . . upon whether those efforts could have been successful." *Williams*, 529 U.S. at 435 (emphasis added). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437. *See also Baja v. Ducharme*, 187 F.3d 1075, 1079 (9th Cir. 1999) (denying evidentiary hearing because petitioner did not comply with state law that required petitioner to come forward with affidavits or other evidence to the extent his claim relied on evidence outside the record).

In *Shinn*, the Supreme Court held that when evaluating the merits of an ineffective-assistance-of-counsel claim whose default was excused under *Martinez*, a federal habeas court generally may not "order an evidentiary hearing or otherwise expand the state-court record" unless the petitioner can satisfy one of 28 U.S.C. § 2254(e)(2)'s narrow exceptions. *Shinn*, 596 U.S. at 371, 384. Relying on *Shinn*, the Ninth Circuit held in *McLaughlin* that federal habeas courts may also only consider evidence submitted in accordance with state procedural rules when evaluating excuse for procedural default under *Martinez. Id.* at 1249–

50. In *McLaughlin*, the Circuit held that, notwithstanding McLaughlin's attempt to develop the state court record in a successive state postconviction proceeding that was procedurally barred, the negligence of McLaughlin's first post-conviction counsel in failing to develop the record in state court is attributable to McLaughlin, and was a "fail[ure]" within the meaning of § 2254(e)(2) and the restrictions of that section therefore apply. *Id.* And, furthermore, the Circuit held that because, as in *Shinn*, McLaughlin conceded he could not meet the strict requirements of § 2254(e)(2), that section barred consideration of McLaughlin's new evidence. *Id.* The Circuit made it explicit that it could not consider McLaughlin's new evidence or the augmented version of his trial-ineffective-assistance claim based on that evidence. *Id.* (explaining, because the "successive petition, with its new evidence, 'was procedurally barred,'" the evidence was not presented "in compliance with state procedural rules" (quoting *Shinn*, 596 U.S. at 375–76)).

Camacho has not argued that he need not meet the requirements of 28 U.S.C. § 2254(e)(2) or that he can satisfy them; he merely argues that the Motion to Strike is premature and this Court should utilize the new evidence if it conducts *de novo* review. ECF No. 87 at 12–13. According to *Shinn* and *McLaughlin*, under these circumstances, the Court must conduct the *Martinez* and merits analysis based on the same record that was before the state appellate courts. Accordingly, the Motion to Strike is granted to the extent the Court may not utilize the new evidence (ECF Nos. 14-2, 14-7 to 14-10, 14-14, 14-15, 36-1 and 36-2) in its analysis under *Martinez* and on the merits of the procedurally defaulted Grounds 5(E)–5(H). The Motion to Strike is denied to the extent the Court may engage *de novo* review of claims considered by the state courts.

## III.   CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 86) is granted in part and denied in part. Grounds 5(A)–5(D) are dismissed as

procedurally defaulted. The Court defers ruling whether Petitioner can establish cause and prejudice to overcome the procedural default of Grounds 5(E)–5(H).

It is further ordered that the Motion to Strike new evidence (ECF No. 86) is granted in part and denied in part. The Court will not utilize the new evidence (ECF Nos. 14-2, 14-7 to 14-10, 14-14, 14-15, 36-1 and 36-2) in its determinations of the procedurally defaulted Grounds 5(E)–5(H). The Court will, however, if appropriate, consider the new evidence to the extent the Court engages in *de novo* review of claims that were considered by the state courts.

It is further ordered that Respondents file their Answer to the remaining grounds in the First-Amended Petition within 60 days of the date of this Order. Petitioner will then have 45 days to file his Reply.

DATED THIS 12th day of June, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE